VINCENT J. DeMARTINI, SB # 70621
BARRETT R.P. SCHAEFER, SB # 212133
DeMARTINI & WALKER LLP
175 North Redwood Drive, Suite 250
San Rafael, CA 94903
Telephone: (415) 472-7880
Facsimile: (415) 472-7950

Attorneys for Plaintiff
GEORGINE DIXON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINE DIXON,<br><br>       Plaintiff<br><br>  vs.<br><br>BLANCA L. BARAHONA, DOES 1<br>through 10, Inclusive,<br><br>       Defendants | Case No. CV 10 4037 BZ<br><br>**PLAINTIFF'S NOTICE OF MOTION<br>AND MOTION TO REMAND<br>REMOVED ACTIONS**<br>[28 U.S.C. § 1447(c)]<br><br>Date: November 17, 2010<br>Time: 10:00 a.m.<br>U.S. Magistrate Judge Bernard Zimmerman<br>Court Room: G |

0

# TABLE OF CONTENTS

**I. FACTUAL BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II. LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A.    FEDERAL QUESTIONS MUST BE DISCLOSED UPON THE FACE OF THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    IN THE ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, CASE WILL BE REMANDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.    STATE CLAIMS WITH NO FEDERAL NEXUS CAN NOT BE REMOVED TO FEDERAL JUDICIARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    D.    THE BURDEN OF ESTABLISHING REMOVAL JURISDICTION IS ON THE PARTY SEEKING REMOVAL, *NOT* THE PARTY SEEKING REMAND TO STATE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    E.    PURSUANT TO 28 U.S.C. § 1447 PLAINTIFF IS ENTITLED TO AN ORDER AWARDING HER COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEYS' FEES INCURRED BY REASON OF THE REMOVAL PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**TABLE OF AUTHORITIES**

**United States Constitution**

Article One, Section 10 of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

Fifth Amendment of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

Ninth Amendment of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tenth Amendment of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Twenty-First Amendment of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**United States Statutes**

28 U.S.C. § 1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

**United States Supreme Court Cases**

Caterpillar Inc. v. Williams (1987) 482 U.S. 386 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Fair v. Kohler Die & Specialty Co. (1913) 228 U.S. 22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Gully v. First Nat'l Bank in Meridian (1936) 299 U.S. 109 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lindsey v. Normet, 405 U.S. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Merrell Dow Pharm. Inc. v. Thompson (1986) 478 U.S. 804 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Pan American Petro. Corp. v. Superior Court (1961) 366 U.S. 656 . . . . . . . . . . . . . . . . . . . . . 10

**Federal Cases**

Albingia Versicherungs A.G. v. Schenker Int'l Inc. (9th Cir. 2003) 344 F.3d 931 . . . . . . . . . . 11

Albonetti v. GAF Corporation-Chemical Group (S. D. Tex 1981) 520 F.Supp. 825 . . . . . . . . . 15

Calif. Ex rel. Lockyer v. Dynegy, Inc. (9th Cir. 2004) 375 F.3d 831 . . . . . . . . . . . . . . . . . . . . . 10

Columbia Gas Transmission Corp. v. Drain (4th Cir. 2001) 237 F.3d 366 . . . . . . . . . . . . . . . . 10

Duncan v. Stuetzle, (9th Cir. 1996) 76 F.3d 1480 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ethridge v. Harbor House Restaurant (9th Cir, 1988) 861 F.2d 1389 . . . . . . . . . . . . . . . . . 10, 14

Fellhauer v. Geneva (N.D. Ill. 1987) 673 F.Supp. 1445 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Gorman v. Abbott Laboratories (D. R.I. 1986) 629 F.Supp. 1196 . . . . . . . . . . . . . . . . . . . . . . . 15

Harris v. Provident Life & Acc. Ins. Co. (9th Cir. 1994) 26 F.3d 930 . . . . . . . . . . . . . . . . . . . . 10

Lavadenz de Estenssoro v. American Jet, S.A., (D. Cal. 1996) 944 F.Supp. 813 . . . . . . . . . . . 14

Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch (E. D. Wis. 1991) 776 F.Supp. 437 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

O'Halloran v. University of Wash., (9th Cir. 1988) 856 F.2d 1375 . . . . . . . . . . . . . . . . . . . . 11, 14

Office of Hawai'ian Affairs v. Department of Educ. (D. Haw. 1997) 951 F.Supp. 1484 . . . 11, 14

Parks v. Montgomery Ward & Co. (10th Cir. 1952) 951 F.Supp. 1484 . . . . . . . . . . . . . . . . . . . 11

Rains v. Criterion Systems, Inc. (9th Cir. 1996) 80 F.3d 339 . . . . . . . . . . . . . . . . . . . . . . . . . 10

Richmond, Fredericksburg & Potomac R. Co. v. United States (4th Cir. 1991) 945 F.2d 765

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Samuel v. Langham (N.D. Tex.1992) 780 F.Supp. 424 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 102 F.3d 398 . . . . . . . . . . . . . . . . . . . . 14

Schwartz v. FHP International Corp., (D. Ariz. 1996) 947 F.Supp. 1354 . . . . . . . . . . . . . . . . 14

Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., (9th Cir. 1998) 159 F.3d 1209 . . . . . 14

**California Constitution**

Article VI, Section 1 of the California Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

**California Statutes**

Civil Code § 2924 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 13

Code of Civil Procedure § 1161 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Code of Civil Procedure § 1161a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 12

Code of Civil Procedure §1162 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Code of Civil Procedure § 1179a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Code of Civil Procedure § 392 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Code of Civil Procedure § 85 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Code of Civil Procedure § 86 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Corporations Code § 107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Penal Code § 648 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**California Cases**

American Nat. Bank v. Johnson, 124 Cal.App.Supp. 783 . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Childs v. Eltinge, (1973) 29 Cal.App.3d 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Jordan v. Talbot, 55 Cal.2d 597 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TO DEFENDANT, BLANCA L. BARAHONA, IN PRO SE**

     **PLEASE TAKE NOTICE** that plaintiff, GEORGINE DIXON, will, and hereby does, move this court at Court Room G, United States District Court House, 450 Golden Gate Avenue, San Francisco, California on November 17, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, for an order remanding this case to the Superior Court of California for the County of Marin.

     This motion is made on the ground that the cause was improperly removed and is not within the jurisdiction of this Court, in that: the matter in controversy does not exceed $75,000.00, exclusive of interest and costs; this Court has no jurisdiction over the claim asserted in the Complaint; the Complaint herein does not present a claim or right arising under the Constitution, treaties, or laws of the United States; and the controversy is not wholly between citizens of different states, defendant, BLANCA L. BARAHONA, being a citizen of California, the same state as that of which plaintiff, GEORGINE DIXON, is a citizen, all of which more clearly appears in the declaration of plaintiff, GEORGINE DIXON, filed herewith and made a part hereof by reference. Plaintiff further moves this Court for an order that defendant, BLANCA L. BARAHONA, pay plaintiff, GEORGINE DIXON, for all of her costs and actual expenses, including attorney's fees, incurred by reason of the removal proceedings.

     This motion will be based on this notice of motion, on the memorandum of points and authorities hereinbelow, on the Declaration of Georgine Dixon and the Request for Judicial Notice filed herewith and on the records and file herein.

## I. FACTUAL BACKGROUND

     On August 25, 2010, plaintiff, GEORGINE DIXON, filed two separate actions against defendant, BLANCA L. BARAHONA, for unlawful detainer in Marin County Superior Court. The first action entitled Dixon v. Barahona, Marin County Superior Court Case No. CIV 1004511, involves defendant's unlawful detention of the premises located at 28 Warner Court, San Rafael, Marin County, California. (Attached to the Request for Judicial Notice filed herewith as Exhibit "A" is a true and correct copy of the Complaint filed in Marin County Superior Court Case No. CIV 1004511.) The second action entitled Dixon v. Barahona, Marin

1

County Superior Court Case No. CIV 1004512 involves defendant's unlawful detention of the premises located 26 Warner Court, San Rafael, Marin County, California.  (Attached to the Request for Judicial Notice filed herewith as Exhibit "B" is a true and correct copy of the Complaint filed in Marin County Superior Court Case No. CIV 1004512.)  The property which is at issue in both actions is a duplex with one parcel number but two separate street addresses (26 & 28 Warner Court, San Rafael, Marin County, California (hereinafter "the subject property")). (See Declaration of Georgine Dixon filed herewith, ¶ 2.)  On August 28, 2010, defendant, BLANCA L. BARAHONA was personally served with copies of the Summons and Complaint for each of the two separate actions.  Attached as Exhibits "C" and "D" to the Request for Judicial Notice filed herewith are true and correct copies of the Proofs of Service of the Summons and Complaint which were filed in the Marin County Superior Court in each of the above referenced actions.

Plaintiff is informed and believes that defendant, BLANCA L. BARAHONA, is in possession of the entirety of the property.  Due to the fact that the property has two separate street addresses and the defendant is apparently in possession of the entirety of the property, it was necessary and proper for plaintiff to file two separate unlawful detainer actions, one for each separate street address, in order for plaintiff to obtain possession of each unit from defendant. (See Request for Judicial Notice, and Exhibits "A" and "B" thereto; see also Declaration of Georgine Dixon filed herewith, ¶ 3.)

Each of the Complaints filed by plaintiff, GEORGINE DIXON, in Marin County Superior Court contain only one cause of action for unlawful detainer after a foreclosure sale and service and expiration of a Three Day Notice to Quit pursuant to C.C.P. § 1161a(b)(3).  Both of Plaintiff's Complaints allege that "[p]laintiff is the owner of the property located at 26-28 Warner Court, San Rafael, Marin County, California (hereinafter "the subject property"), by virtue of a purchase and sale for valuable consideration and Grant Deed delivered on November 23, 2009, from Robert Griggi and Karen Griggi (hereinafter "plaintiff's predecessor in interest"), husband and wife as grantors, and GEORGINE DIXON, a married woman as her sole and separate property, as grantee."  (Plaintiff's Complaints (hereinafter "Complaints"), ¶ 4.)

1    The Complaints further allege that "[o]n November 24, 2009, plaintiff recorded said

2  Grant Deed to the subject property in the Office of the Marin County Recorder as Instrument No.

3  2009–0065706." (Complaints, ¶ 5.)  A copy of said Grant Deed is attached to each of the

4  Complaints as Exhibit "A" and made a part thereof by reference.  The Complaints further allege

5  that "[p]laintiff's grantors, Robert Griggi and Karen Griggi, obtained title to the subject property

6  as the bona fide purchasers for value by virtue of a trustee's sale duly made on November 17,

7  2009, and a Trustee's Deed executed and delivered to Robert and Karen Griggi, grantees, by

8  Power Default Services, Inc. f/k/a Ahmsi Default Services, Inc. by T.D. Service Company, Inc.,

9  as agent for Trustee, in a Deed of Trust executed and delivered by BLANCA L. BARAHONA,

10  as trustor, and recorded on August 26, 2005, in the office of the Marin County Recorder, State of

11  California, as Instrument No. 2005-0065235." (Complaints, ¶ 6.)

12    The Complaints further allege that "[t]rustor, BLANCA BARAHONA, defaulted in the

13  payment of the note secured by said Deed of Trust and thereafter at the request of [the] owner

14  and holder of said note and Deed of Trust, said trustee caused to be recorded in the official

15  records of the Office of the County Recorder of Marin County, a Notice of Default and breach of

16  conditions of said Deed of Trust and its election to sell the subject property to satisfy the

17  obligations thereby secured.  More than three months after recordation of said Notice of Default,

18  said trustee gave notice in the manner and form required that the subject property would be sold

19  at public auction to satisfy the obligations secured by said Deed of Trust.  Said trustee gave

20  notice of the time and place of the sale of the subject property in accordance with the laws of the

21  State of California and the terms of said Deed of Trust." (Complaints, ¶ 7.)

22    The Complaints additionally allege that "[o]n November 17, 2009, at the time and place

23  noticed for sale, said trustee sold the subject property to plaintiff's predecessors in interest and

24  executed to plaintiff's predecessors in interest a deed therefor which said deed was recorded on

25  November 24, 2009, in the official records in the Office of the County Recorder of Marin

26  County, California as Instrument No. 2009-0065075." (Complaints, ¶ 8.)  A copy of said

27  Trustee's Deed is attached to each of the Complaints as Exhibit "B" and made a part thereof by

28  reference.

1    The Complaints additionally allege that "[s]aid Trustee's Deed Upon Sale contains the

2    following paragraph 'Whereas, Trustee complied with all applicable statutory provisions of

3    California Civil Code Sections 2924 et seq. [a]nd of the described Deed of Trust including the

4    mailing, publication, personal delivery, and posting of the Notice of Default and Notice of Sale,

5    as respectively appropriate.' in compliance with Civil Code § 2924 which [recitation] is

6    conclusive evidence that all statutory compliance has been met as [a] prerequisite to said sale

7    pursuant to Civil Code § 2924." (Complaints, ¶ 9.)

8    The Complaints further allege that "[o]n August 17, 2010, plaintiff caused to be served

9    on defendant, BLANCA BARAHONA, a written notice requiring defendant to quit and deliver

10   up possession of the subject premises to plaintiff within three days after service of said notice."

11   (Complaints, ¶ 10.) A copy of said notices are attached to the respective Complaints as Exhibit

12   "C" and made a part thereof by reference.

13   The Complaints further allege that "[m]ore than three days have elapsed since the service

14   of said notice, and defendant has neglected and refused, and still neglects and refuses, to vacate

15   and deliver up possession of the subject premises to plaintiff. Plaintiff is entitled to immediate

16   possession of the premises." (Complaints, ¶ 11.) Finally, the Complaints allege that "[p]aintiff

17   is informed and believes that defendant continues in possession of the subject property and said

18   possession [is] without plaintiff's permission or consent." (Complaints, ¶ 12.)

19   In her Notice of Removal, defendant, BLANCA L. BARAHONA, argues that she is

20   entitled to removal of these two separate state court actions on the grounds that defendant

21   contends that her due process rights have allegedly been circumvented as she contends that in

22   one of the two separate unlawful detainer actions (Case No. CIV 1004511) that a default

23   judgment was entered against her even though she was allegedly never served with the Summons

24   and Complaint in that action, and there was no evidence of service upon her of entry of default or

25   the default judgment and that the filing of two separate actions for unlawful detainer covering

26   the same property is inappropriate and a tactic designed to defeat defendant's right to due

27   process. (Notice of Removal, page 2, ¶ 4.) In fact, defendant was personally served with the

28   Summons and Complaint in each of the two separate actions. (See Request for Judicial Notice,

1   and Exhibits "C" and "D" thereto.)  Additionally, a copy of the Request for Entry of Default

2   filed in Marin County Superior Court, Case No. CIV 1004511 was mailed to defendant on the

3   same date that the Request for Entry of Default was filed with the Court.  Attached to the

4   Request for Judicial Notice filed herewith as Exhibit "E" is a true and correct copy of the

5   Request for Entry of Default.  Page 2 of said Exhibit "E" contains a proof of service which

6   establishes that the Request for Entry of Default was served on defendant, BLANCA L.

7   BARAHONA, by mail on September 3, 2010.  Moreover, defendant's contention that the default

8   judgment is nonexistent is also without merit.  Attached to the Request for Judicial Notice as

9   Exhibit "F" is a true and correct copy of the file stamped Judgment entered in Marin County

10  Superior Court, Case No. CIV 1004511.

11          Defendant's Notice of Removal further contends that the Notice of Removal is

12  appropriate on the grounds that both of the actions previously pending in state court involve a

13  federal question in that: 1) defendant has been denied due process guaranteed under the Fifth

14  Amendment; 2) defendant's civil rights have been violated in some unspecified fashion; 3) the

15  Clerk of the Marin County Superior Court, the Marin County Sheriff's office and opposing

16  counsel, Vincent DeMartini, have all allegedly engaged in mail fraud through some unspecified

17  acts (presumably defendant's allegations with respect to failure to serve defendant with a copy of

18  the Request for Default in Case No. CIV 1004511, and issuance of the Writ based upon the entry

19  of the Default Judgment and service of the Writ and Notice to Vacate by the Marin County

20  Sheriff's office).  (Notice of Removal, page 2, line 26, through page 3, line 2.)

21          Defendant's Notice of Removal further contends that these actions are entitled to removal

22  under the federal question of Article One, Section 10 (of the United States Constitution) as it

23  pertains to "the subject of tender of obligations in payment of debt."  (Notice of Removal, page

24  3, lines 3 through 5.)  Defendant does not provide any supporting factual or legal argument as to

25  how the cases at hand or the facts or circumstances in the underlying state court actions relate in

26  any fashion to the authority cited.  Article One, Section 10 of the United States Constitution

27  provides that: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of

28  Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin

1   a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing

2   the Obligation of Contracts, or grant any Title of Nobility."  Based upon the facts alleged in

3   defendant's Notice of Removal and Declaration in support thereof, it is unclear how this

4   authority relates in any fashion to the allegations of the Complaints herein or in what manner the

5   cited authority raises a federal questions to bring this matter into the jurisdiction of this Court.

6          Defendant's Notice of Removal further contends that these actions are entitled to removal

7   under the federal question of the above cited authority "as it pertains to the subject of payment of

8   filing fees to invoke the subject matter jurisdiction of the court in conjunction with other

9   supporting law, such as California Corporation[s] Code section 107 which mandates: 107.  No

10  corporation, association or individual shall issue or put in circulation, as money, anything but

11  lawful money of the United States." and Penal Code section 648 which mandates: 648. Every

12  person who makes, issues or puts in circulation any bill, check, ticket, certificate, promissory

13  note, or the paper of any bank, to circulate as money, except as authorized by the laws of the

14  United States, for the first offense, is guilty of a misdemeanor, and for each and every

15  subsequent offense, is guilty of felony."  Defendant's argument with respect to these federal

16  questions which are allegedly related to the instant action and allegedly provide grounds for

17  removal are yet again not supported by any factual or legal argument and are clearly nonsensical.

18  Moreover, it is important for the Court to note that the issue of whether a federal question has

19  been raised in the action is framed by the allegations of the Complaint and not by defendant's

20  arguments or issues that she might raise as affirmative defenses to the action.

21         Defendant's Notice of Removal further contends that "[t]his action wholly involves

22  violations of the supremacy clause of the federal constitution by state laws, rules and state actors

23  which raises a federal question."  (Notice of Removal, page 3, lines 27 through 28.)  Defendant's

24  contentions in this regard are based upon her contentions that Plaintiff's claim is allegedly based

25  upon false and fraudulent documents beginning with the Deed of Trust and the Substitution of

26  Trustee.  (Notice of Removal, page 4, lines 2 through 3.)  Defendant's Notice of Removal further

27  contends that because the Substitution of Trustee is executed by Eric Tate a resident of

28  Minnesota, on behalf of AHMSI, a Texas Corporation, and defendant, Blanca Barahona is a

1  resident of California, that diversity of jurisdiction exists.  Defendant's Notice of Removal

2  however ignores the salient fact that neither the Trustee nor AMHSI is a party to this proceeding.

3  This action was brought by GEORGINE DIXON, the subsequent purchaser of the property for

4  value after a Trustee's Sale, and GEORGINE DIXON is, and at all time referenced in the

5  Complaints at issue, has been a resident of the State of California.  (Declaration of Georgine

6  Dixon, ¶¶ 4 and 5.)  Accordingly, no diversity of citizenship exists to bring this action within the

7  jurisdiction of the Federal Courts.

8       Defendant's Notice of Removal next contends that the Superior Court of California,

9  County of Marin is a foreign corpra ficta operating contrary to the Ninth, Tenth and Twenty-First

10  Amendments of the Constitution which defendant alleges raises a further federal question.  This

11  contention is without merit as well.  First, defendant cannot establish that even if this statement

12  were true, that the Superior Court of California, County of Marin is a party to this proceeding.

13  Even if the Superior Court of California, County of Marin was a foreign corpra ficta operating in

14  violation of the Constitution, since it is not a party to this proceeding, no federal question is

15  raised in the instant litigation.  Moreover, the documentation attached to Defendant's Notice of

16  Removal does not support defendant's contention that the Superior Court of California, County

17  of Marin is a foreign corpra ficta..  It establishes that the Superior Court of California, County of

18  Marin is a California Public Agency registered to do business in the State of California.  Finally,

19  although the issue is irrelevant as the Superior Court of California, County of Marin is not a

20  party to this action, defendant has provided no factual or legal basis to establish that the Superior

21  Court of California, County of Marin is operating in any fashion in violation of the United States

22  Constitution.

23       Defendant's Notice of Removal additionally argues that the amount in controversy in

24  each of these actions is yet to be determined and therefore jurisdiction of this Court is

25  appropriate.  (Notice of Removal, page 4, lines 22 through 23.)  However, this argument is also

26  without merit.  Plaintiff's Complaint herein merely seeks per diem damages in the sum of $49.32

27  form and after August 21, 2010, for each day defendant continues in possession of the subject

28  premises.  At that per diem rate, defendant would have to unlawfully hold possession of the

1   premises for in excess of 1,520 days (in excess of 4 years), before this matter would reach the

2   jurisdictional minimum of this Court of $75,000.00.  Since this matter is a summary proceeding

3   and entitled to preference under California Code of Civil Procedure § 1179a, it is anticipated and

4   expected that this matter will be disposed of long before the damages in this action have

5   approached the minimum jurisdictional limitations of this Court.

6       Defendant's Notice of Removal further argues that this Court has original jurisdiction

7   over this matter under the supremacy clause:

8       "because a declaratory judgment is essential to determine:

9       1) Does the Superior Court of California, County of Marin, a public agency while doing
        business in California state have sovereign capacity to circumvent the supremacy clause
10      of the United States Constitution as it pertains to the subject of tender of obligations in
        payment of debts?

11      2) Further, can said public agency operating by federal thrust under FEIN 68-0460174,
12      exercise the judicial power contained in Article VI Section 1 of the California
        Constitution that is strictly vested in tribunals that exercise jurisdiction of a strictly
13      judicial character?

14      3) Further, can a foreclosure/unlawful detainer action under state law proceed without
        tender filing fees in an medium of exchange that comports with Article 1 Section 10
15      supra?

16      4) Can plaintiff file two separate causes of action based upon the exact same subject
        matter and name the exact same litigants while raising the same exact issue of
17      controversy without proper service of process being perfected upon the defendant for the
        second cause of action in spite of th principles of due process contained in the Fifth
18      Amendment?"  (Notice of Removal, page 4, line 24, through page 5, line 10.)

19      Defendant's argument in this regard is yet again not supported by any factual or legal

20   argument and is clearly nonsensical.  Moreover, it is important for the Court to note that the

21   issue of whether a federal question has been raised in the action is framed by the allegations of

22   the Complaint and not by defendant's arguments or issues that she might raise as affirmative

23   defenses to the action.  Clearly, the allegations of the two separate Complaints which defendant

24   seeks to remove to this Court's jurisdiction do not raise any federal questions.  The Complaints

25   merely raise matters which are the subject of California statutes and accordingly, the matters

26   should be remanded back to the jurisdiction of the Marin County Superior Court.

27      Finally, Defendant's Notice of Removal contends that "[b]y the filing of this pleading the

28   jurisdiction of the Public Agency including its judgment, writ and sheriff's notice to vacate are

---

8

1   stayed pending a hearing on this matter.  Defendant provides no authority to support this

2   position.  In fact, as will be set forth in more detail hereinbelow, authority contrary to this

3   position exists to support the argument that unless, and until, this Court issues an order staying

4   the action, the federal rules neither add to nor abrogate what has been done in the state court

5   prior to removal. The federal court takes the case as it finds it on removal and treats everything

6   that occurred in the state court as if it had taken place in federal court. Thus, a default judgment

7   entered in the state court is not set aside as a matter of law on removal to the district court.

8   Instead, it must be regarded as valid unless and until the district court sets it aside.

9           In the instant action, as noted above, defendant was personally served with the Summons

10   and Complaint in both of the actions at issue herein.  (Request for Judicial Notice, and Exhibits

11   "C" and "D" thereto.)   In response to Marin County Superior Court Case No. CIV 1004511,

12   defendant failed to timely file or serve any responsive pleading.  Since the time for defendant to

13   file a responsive pleading therein has expired, defendant's Default Judgment was appropriately

14   taken and a Writ of Possession was issued thereon.  Unless this action is stayed by an order of

15   this Court, plaintiff may appropriately instruct the Marin County Sheriff to execute upon the

16   Writ issued therein and possession of the premises located at 28 Warner Court, San Rafael, Main

17   County, may be restored to plaintiff.

18           Based upon the foregoing facts, it is clear that there is no basis for jurisdiction of this

19   action in the United States District Court.  There are no federal questions raised in the

20   Complaints at issue in these proceedings.  There is no diversity of citizenship between the named

21   plaintiff and defendant herein.  Finally, the amount in controversy is considerably below the

22   minimum jurisdiction of this Court.  Accordingly, the Court should order that both actions be

23   remanded back to the Marin County Superior Court.

## II.  LEGAL ARGUMENT

A.      FEDERAL QUESTIONS MUST BE DISCLOSED UPON THE FACE OF THE
        COMPLAINT

27           In her Notice of Removal, defendant herein, BLANCA L. BARAHONA, contends that

28   this matter allegedly raises several federal questions.  However, it is clear from the allegations of

the Complaints at issue in these actions that no federal questions are raised in the pleadings.  The Complaints at issue both involve only California state claims relating to defendant's unlawful detention of the subject real property.  When federal jurisdiction arises as a result of a "federal question," the question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  Gully v. First Nat'l Bank in Meridian (1936) 299 U.S. 109, 112-13, 81 L.Ed. 70, 57 S.Ct. 96 (noting that the federal question cannot be "merely a possible or conjectural one").  Thus the rule enables the plaintiff, as "master of the complaint," to "choose to have the cause heard in state court" by eschewing claims based on federal law.  Calif. Ex rel. Lockyer v. Dynegy, Inc. (9th Cir. 2004) 375 F.3d 831, 839.  The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of plaintiff's properly pleaded complaint."  Columbia Gas Transmission Corp. v. Drain (4th Cir. 2001) 237 F.3d 366, 369-79, citing Merrell Dow Pharm. Inc. v. Thompson (1986) 478 U.S. 804, 808, 92 L.Ed.2d 650, 106 S.Ct. 3229.  The Complaints at issue in this matter asserts no federal claims.

In Rains v. Criterion Systems, Inc. (9th Cir. 1996) 80 F.3d 339, 344, the Ninth Circuit wrote

> Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so.  *See* Pan American Petro. Corp. v. Superior Court (1961) 366 U.S. 656, 662-63, 81 S.Ct. 1303, 1307-08, 6 L.Ed.2d 584 (stating that "the party who brings a suit is master to decide what law he will rely upon") (quoting Fair v. Kohler Die & Specialty Co. (1913) 228 U.S. 22, 25, 33 S.Ct. 410, 411-12, 57 L.Ed., 716).  A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams (1987) 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318; *see also* Ethridge v. Harbor House Restaurant (9th Cir, 1988) 861 F.2d 1389, 1395 ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply be relying exclusively on the state law claim").

The Ninth Circuit held in Harris v. Provident Life & Acc. Ins. Co. (9th Cir. 1994) 26 F.3d 930, 933-34:

> Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams (1987) 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318; accord Ethridge v. Harbor House Restaurant (9th Cir. 1988) 861 F.2d 1389, 1393.

//

1

2

B.   **IN THE ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, CASE WILL BE REMANDED**

3

The right to secure a remand of the action to state court when there is no federal subject

4

matter jurisdiction basis for removing the action to a federal court cannot be waived by either

5

party.  Albingia Versicherungs A.G. v. Schenker Int'l Inc. (9th Cir. 2003) 344 F.3d 931, *as*

6

*amended in other respects* 350 F.3d 916, *cert. denied* 124 S.Ct. 2162, 541 U.S. 1041, 158

7

L.Ed.2d 730 (2004).  Further, parties may not confer jurisdiction over the subject matter of an

8

action on a federal court by consent.  Parks v. Montgomery Ward & Co. (10th Cir. 1952) Office

9

of Hawai'ian Affairs v. Department of Education (D. Hawaii 1996) 951 F.Supp. 1484.

10

C.   **STATE CLAIMS WITH NO FEDERAL NEXUS CAN NOT BE REMOVED TO FEDERAL JUDICIARY**

11

12

The two Complaints at issue in these proceedings (Marin County Superior Court, Case

13

Nos. CIV 1004511 and 1004512) do not involve any federal questions whatsoever.  Both

14

Complaints contain only one cause of action, for unlawful detainer after a foreclosure sale and

15

service upon defendant and expiration thereof of a Three Day Notice to Quit pursuant to the

16

authority set forth in California Code of Civil Procedure § 1161a for two separate and distinct

17

property addresses, 28 Warner Court and 26 Warner Court, San Rafael, Marin County,

18

California, respectively.  Despite defendant's arguments to the contrary in her Notice of

19

Removal, these actions invoke no federal question; there is no diversity of citizenship between

20

plaintiff and defendant in these actions; and the amount in controversy in each action does not

21

exceed the minimum jurisdictional limits of this Court.  If it appears, at any time before the final

22

judgment, that the district court lacks subject matter jurisdiction, the case will be remanded back

23

to state court.  (28 U.S.C. § 1447(c).)

24

Generally, a party may file an action in federal court if there is diversity of citizenship

25

among the parties, or if the action raises a substantial federal question.  (See e.g. Caterpillar Inc.

26

v. Williams, (1987) 482 U.S. 386, 392.)  The party seeking removal bears the burden of

27

establishing federal jurisdiction.  (O'Halloran v. University of Wash., (9th Cir. 1988) 856 F.2d

28

1375, 1380.)

1    Both of the actions in question herein involve plaintiff's claim that defendant is

2  unlawfully holding over in the premises which is the subject of each respective action.

3  California Code of Civil Procedure § 392 provides in pertinent part, that "(a) Subject to the

4  power of the court to transfer actions and proceedings as provided in this title, the superior court

5  in the county where the real property that is the subject of the action, or some part thereof, is

6  situated, is the proper court for the trial of the following actions:  (1) For the recovery of real

7  property, or of an estate or interest therein, or for the determination in any form, of that right or

8  interest, and for injuries to real property."

9    The unlawful detainer statutes were enacted to provide an adequate, expeditious and

10  summary procedure for regaining possession of real property wrongfully withheld by a tenant or

11  former owner-occupant after a foreclosure sale.  The rights and remedies afforded a landlord by

12  the statutory provisions are given in lieu of his common law rights and remedies which included

13  the right to enter and expel the tenant by force.  (See e.g. Lindsey v. Normet, 405 U.S. 56, 71 [31

14  L.Ed.2d 36, 49, 92 S.Ct. 862]; cf. Jordan v. Talbot, 55 Cal.2d 597, 604 [12 Cal.Rptr. 488, 361

15  P.2d 20, 6 A.L.R.3d 161].)  The enactment of such statutory procedures is supported by the

16  strong public policy of preserving the peace (see Jordan v. Talbot, supra, 55 Cal.2d at pp. 603

17  [fn. 2], 607) as well as the recognition of the unique factual and legal characteristics of the

18  landlord-tenant relationship.  (Lindsey v. Normet, supra, 405 U.S. at pp. 72-73 [31 L.Ed.2d at p.

19  50]). n10).  (Childs v. Eltinge, (1973) 29 Cal.App.3d 843, 853.)  Based upon the foregoing

20  authorities, the Superior Court in the County in which the subject property is located has

21  exclusive jurisdiction over unlawful detainer actions.  Accordingly, jurisdiction of the actions at

22  issue in these proceedings is the Marin County Superior Court.

23    Moreover, based upon the allegations of the Complaints at issue herein, it is clear that the

24  Complaints only raise California State claims under Code of Civil Procedure § 1161a and do not

25  in any fashion raise federal questions.  Code of Civil Procedure § 1161a provides in pertinent

26  part "A person who holds over and continues in possession of real property, after a three-day

27  written notice to quit the same, shall have been served upon him ... as prescribed in Section 1162

28  of the Code of Civil Procedure, may be removed therefrom as prescribed in this chapter. . . . 3.

Where the property has been duly sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected. . . ."  As the Court held in <u>American Nat.</u> <u>Bank v. Johnson</u>, 124 Cal.App.Supp. 783 [11 P.2d 916] the superior court has jurisdiction over actions authorized by the foregoing section (now C.C.P. § 1161 et seq.).

In the present actions plaintiff alleges that she is the owner and entitled to possession of the real property described in the Complaint; that she is the successor in interest of Robert and Karen Griggi; that the latter purchased the property at a trustee's sale held pursuant to a power of sale contained in a trust deed executed by BLANCA L. BARAHONA as trustor; and that title to the property has been perfected by the execution and delivery of a trustee's deed which was filed for record in the recorder's office and recorded on November 24, 2009; and that plaintiff's title to the property was perfected by virtue of Grant Deed delivered from Robert and Karen Griggi to GEORGINE DIXON which was recorded in the Office of the Marin County Recorder on November 24, 2009 as Instrument No. 2009-0065706.  The Complaints further allege that the Deed of Trust under which the foreclosure sale was conducted was dated August 26, 2005, and executed by BLANCA A. BARAHONA as trustor.  It was further alleged that the statutory three day notice to quit had been given and has expired, that defendant has failed to comply with the requirements of the Three Day Notice, that the rental value of the property was $49.32 per day; that on account of defendant's holding over and continuing in possession plaintiff had suffered damages in that sum, and will continue to suffer said daily damages until possession of the subject property is restored to plaintiff.  The relief asked for was the restitution of the premises and $49.32 a day for defendant's unlawful detention of the premises.

Defendant's Notice of Removal alleges that plaintiff's claims are based upon false and fraudulent documents beginning with the Deed of Trust (which document was executed by defendant in the presence of a Notary Public) and a subsequent Substitution of Trustees. Defendant does not deny that she was in default under the Deed of Trust or that there was sale of the property in accordance with section 2924 of the Civil Code; but she alleges that the deed of trust pursuant to which the sale was made was in some unspecified fashion was false or

1    fraudulent.  Her Notice of Removal then goes on to allege the Substitution of Trustees was

2    executed by an individual (Eric Tate) who is allegedly "notorious for executing counterfeit

3    assignment of mortgage documents.".

4         The propriety of removal is determined solely on the basis of the pleadings filed in state

5    court.  (See e.g. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., (9th Cir. 1998) 159

6    F.3d 1209, 1213; O'Halloran v. Univ. of Wash., (9th Cir. 1988) 856 F.2d 1375, 1379.)

7    Regardless of defendant's nonsensical and unmeritorious arguments to the contrary, the

8    pleadings in this action clearly allege only claims that arise under California statutes.  The

9    Complaints allege only one cause of action for unlawful detainer pursuant to California state

10   statutes and does not allege a federal question and accordingly this Court does not have

11   jurisdiction over this action.  An unlawful detainer (or forcible entry or forcible detainer)

12   proceeding for which the whole amount of damages claimed is $25,000 or less, is a limited civil

13   case.  (Code of Civil Procedure § 86(a)(4).)  Limited civil cases are within the jurisdiction of the

14   superior court.  (California Constitution, art. VI, § 10; see Code of Civil Procedure §§ 85, 86.)

15   Moreover, plaintiff's Complaints seek possession of the respective premises and per diem

16   damages of $49.32 which is not within the minimum jurisdiction of this Court.  Finally, it is

17   clear there is no diversity of citizenship in this action as all parties named herein are citizens of

18   the State of California and accordingly, this Court lacks jurisdiction on the basis of diversity of

19   citizenship as well.  (Declaration of Georgine Dixon, ¶ 4.)

20        D.    THE BURDEN OF ESTABLISHING REMOVAL JURISDICTION IS ON THE
             PARTY SEEKING REMOVAL, *NOT* THE PARTY SEEKING REMAND TO
21           STATE COURT

22        It is also well-settled under the case law that the burden is on the party seeking to

23   preserve the district court's removal jurisdiction (here defendant, BLANCA L. BARAHONA),

24   not the party moving for remand to state court (here plaintiff, GEORGINE DIXON), to show

25   that the requirements for removal have been met.[1]  Richmond, Fredericksburg & Potomac R. Co.

26

27
_____

28        [1]  *See, e.g.*, Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 102 F.3d 398; Duncan v. Stuetzle, (9th Cir.
     1996) 76 F.3d 1480; Office of Hawai'ian Affairs v. Department of Educ. (D. Haw. 1997) 951 F.Supp. 1484;
     Schwartz v. FHP International Corp., (D. Ariz. 1996) 947 F.Supp. 1354; Lavadenz de Estenssoro v. American Jet,
     S.A., (D. Cal. 1996) 944 F.Supp. 813.

1   v. United States (4th Cir. 1991) 945 F.2d 765, 768.  The removal statute is strictly construed

2   against removal and the burden of establishing federal jurisdiction falls to the party invoking the

3   statute.  Ethridge v. Harbor House Rest. (9th Cir. 1988) 861 F.2d 1389, 1393.

4   When there is doubt as to the right to removal in the first instance, ambiguities are to be

5   construed against removal.  Samuel v. Langham (N.D. Tex.1992) 780 F.Supp. 424, 427; *see also*

6   Fellhauer v. Geneva (N.D. Ill. 1987) 673 F.Supp. 1445, 1447.  "The district court, in a

7   challenged case, may retain jurisdiction only where its authority to do so is clear."  Gorman v.

8   Abbott Laboratories (D. R.I. 1986) 629 F.Supp. 1196, 1203.  "The removing party bears the

9   burden of showing that removal was proper."  Medical College of Wisconsin Faculty Physicians

10  & Surgeons v. Pitsch (E. D. Wis. 1991) 776 F.Supp. 437, 439. "This extends not only to

11  demonstrating a jurisdictional basis for removal, but also necessary compliance with the

12  requirements of the removal statute."  Albonetti v. GAF Corporation-Chemical Group (S. D. Tex

13  1981) 520 F.Supp. 825, 827.

14  Here, the defendant has failed to meet her burden in that defendant has failed to establish

15  any ground for federal jurisdiction over the California State law claims plead in plaintiff's

16  Complaints.  Additionally, defendant has failed to establish diversity of citizenship between the

17  named parties to these actions.  Finally, defendant has not, and cannot, establish that the amount

18  in controversy exceeds the jurisdictional minimum of the federal court.  Based upon defendant's

19  failure to meet her burden, the Court should grant the Motion for Remand and remand these

20  proceedings back to the jurisdiction of the Superior Court of California, County of Marin.

21      E.      PURSUANT TO 28 U.S.C. § 1447 PLAINTIFF IS ENTITLED TO AN ORDER
22              AWARDING HER COSTS AND ACTUAL EXPENSES, INCLUDING
                ATTORNEYS' FEES INCURRED BY REASON OF THE REMOVAL
23              PROCEEDINGS

24  28 U.S.C. § 1447(c) provides in pertinent part that "An order remanding the case may

25  require payment of just costs and any actual expenses, including attorney fees, incurred as a

26  result of the removal."  In the instant action, plaintiff has clearly demonstrated by this Motion

27  that the removal of this matter to the jurisdiction of this court by defendant herein, BLANCA L.

28  BARAHONA, was inappropriate.  Defendant clearly filed the Notice of Removal for the sole

purposes of delaying these proceedings (which is established on the face of defendant's Notice

of Removal by defendant's statement on page 5, lines 17 through 18, wherein defendant

contends that the instant Notice of Removal stays proceedings on the judgment, writ and

sheriff's notice in Case No. CIV 1004511 pending a hearing on this matter) without any facts or

relevant authorities to support her position that removal is appropriate and that this Court has

jurisdiction over this matter.

Plaintiff has incurred actual expenses and costs, including attorneys' fees in the sum of

$1,200.00, in preparing the instant Motion for Remand and anticipates incurring an additionally

two and half hours of attorneys' fees at $375.00 per hour in preparing for, traveling to and

appearing at the hearing on this Motion.  (Declaration of Georgine Dixon, ¶ 5.)  Based upon the

foregoing, plaintiff respectfully requests that this Court issue an order in connection with the

remand of these actions back to the Superior Court of California, County of Marin that plaintiff

is entitled to an award of costs and expenses incurred in connection with the removal of this

action, including attorneys' fees in the sum of $2,137.50 pursuant to the authority set forth in 28

U.S.C. § 1447(c).

### III.  CONCLUSION

Based upon the foregoing facts and authorities, it is clear that there is no basis for

jurisdiction of this action in the United States District Court.  There are no federal questions

raised in the Complaints at issue in these proceedings.  There is no diversity of citizenship

between the named plaintiff and defendant herein.  Finally, the amount in controversy is

considerably below the minimum jurisdiction of this Court.  Accordingly, the Court should order

that both actions be remanded to the Marin County Superior Court and should award plaintiff the

sum of $2,137.50, as and for the plaintiff's actual costs and expenses, including attorneys' fees

incurred in connection with the removal proceedings.

Dated: October 1, 2010                                    DeMARTINI & WALKER LLP

/s/_____
Vincent J. DeMartini, Attorney for Plaintiff

1

**PROOF OF SERVICE**

2

        I, the undersigned, declare that:

3

        I am over the age of eighteen years, employed in the County of Marin, and not a party to

4

this action; my business address is 175 North Redwood Drive, Suite 250, San Rafael, CA

5

94903.

6

On the date noted hereunder, I served the enclosed:

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTIONS**

8

on the following party(ies):

9

Blanca L. Barahona

10

26 Warner Court
San Rafael, CA 94901
Defendant in Pro Per

11

12

(X) BY MAIL - I am readily familiar with DeMartini & Walker LLP's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

13

Postal Service on that same day with postage thereon fully prepaid at San Rafael, California, in the ordinary course of business.

14

( ) BY FACSIMILE - I caused such documents to be transmitted to the telephone number of the

15

addressee listed above, by use of facsimile telephone number (415) 472-7950.  The facsimile machine used complied with *California Rules of Court*, Rule 2004 and no error was reported by

16

the machine.  Pursuant to *California Rules of Court*, Rule 2006(d) a transmission record of the transmission was printed.

17

( ) BY PERSONAL SERVICE as follows: I caused a copy of such documents to be delivered by hand to the addressee between the hours of 8:00 a.m. and 5:00 p.m.

18

19

        I declare under penalty of perjury under the laws of the State of California that the

20

foregoing is true and correct.  Executed on October 1, 2010, at San Rafael, CA.

21

22

        /s/ _____
        Donna J. Lewis

23

24

25

26

27

28

17