UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGINE DIXON,

    Plaintiff,

    v.

BLANCA L. BARAHONA,

    Defendant.
_____/

No. C 10-4037 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court is the motion of plaintiff Georgine Dixon to remand the above entitled action to the Superior Court of California, County of Marin. Defendant Blanca L. Barahona opposes the motion. The court finds that the motion must be GRANTED.

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

    Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d

1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c).

Here, defendant filed a notice of removal of two unlawful detainer actions from the Marin County Superior Court on September 9, 2010. In the notice of removal, plaintiff alleged federal question jurisdiction. Ordinarily, federal question jurisdiction exists "only when a federal question is presented <u>on the face of the plaintiff's properly pleaded complaint</u>." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (emphasis added).

The two complaints at issue here do not involve any federal question. Each alleges a single cause of action under state law, for unlawful detainer following a foreclosure sale and service on defendant of a three-day notice to quit. Nor, to the extent that plaintiff might seek an alternative basis for subject matter jurisdiction, is there complete diversity between plaintiff and defendant, or an amount in controversy exceeding $75,000.

Accordingly, as the court lacks subject matter jurisdiction, the case must be remanded to the Marin County Superior Court. Defendant's motion for fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: November 10, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge